UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CARL ECHOLS, )
)
Plaintiff, )
)
vs. ) 1:12-cv-319-SEB-TAB
)
ALAN FINNAN, et al., )
)
Defendants. )

**Entry and Order Dismissing Action**

**I.**

Carl Echols was formerly confined at the Pendleton Correctional Facility. He alleges that in March 2011, staff applied a multi-base primer to a dormitory shower floor. Nearby offenders were not removed from the area and hence were exposed to fumes from the product. Echols alleges that due to poor ventilation this resulted in him suffering emotional distress and potential worsening of his pre-existing conditions. He seeks compensatory and punitive damages, claiming that the foregoing conduct violated the Eighth Amendment's proscription against cruel and unusual punishment and was negligent under Indiana law.

Because Echols is a "prisoner" as defined by 28 U.S.C. § 1915(h), the court must screen his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure,* a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pro se complaints such as that filed by Echols are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The Eighth Amendment claim is brought pursuant to 42 U.S.C. § 1983. The claim of negligence is brought based on the court's supplemental jurisdiction, conferred by 28 U.S.C. § 1367(a).

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health,* 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). In the context presented here, prison officials have a duty pursuant to the Eighth Amendment to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

The Eighth Amendment claim is dismissed as legally insufficient because there is no allegation of conditions or mistreatment amounting to "'genuine privations and hardship over an extended period of time,'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)), or which deprived the plaintiff of basic human needs or of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord JamisonBey v. Thieret,* 867 F.2d 1046, 1048 (7th Cir. 1989). Additionally, there is no allegation—as opposed to a veritable raft of conclusory adjectives—that any defendant acted with the highly culpable mental state of "deliberate indifference" in either applying the floor primer or in deciding whether nearby inmates would be removed from the area or accommodated with improved ventilation while the procedure occurred. Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A, because it fails to state a claim upon which relief can be granted. No discernible amendment could remedy this deficiency. Dismissal of the Eighth Amendment claim pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). No amendment of the complaint which could be reasonably anticipated based on the event Echols has described would cure this deficiency. The court declines to exercise its supplemental jurisdiction pursuant to § 1367(c). *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to

exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 02/12/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Carl A. Echols
#866351
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only